IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAZLEY,

Plaintiff, No. 2:12-cv-2496 KJM CKD PS

vs.

M. C. DUST,

Defendant. ORDER

_______________________________/

Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has made the required showing of indigency and has provided a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). The plaintiff will therefore be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

That determination, however, does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings, such as the one at issue here, are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

\\\\\

\\\\\

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Rule 8 sets forth these general pleading requirements. Complaints are required to set forth: (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Because it does not comply with Fed. R. Civ. Pro. 8, the court cannot determine whether the complaint is frivolous or can be amended to state a claim The court will, however, grant leave to file an amended complaint.

First, plaintiff does not set forth a jurisdictional basis for this action as required by Rule 8. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

In order to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction, e.g., 42 U.S.C. §1983. See Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Plaintiff provides no basis — either in diversity or subject matter — upon which the undersigned can determine if jurisdiction lies in this forum. It is plaintiff's obligation to state such a basis, and if he chooses to amend the complaint, he must do so in order for this court to hear his claim.

Secondly, plaintiff provides no plain statement of a claim showing that he is entitled to relief. See Twombly, 550 U.S. at 555 ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") It appears plaintiff may be trying to allege a claim under the Civil Rights Act, 42 U.S.C. § 1983. In order to state a legally-cognizable claim under this statute, plaintiff must allege: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

With respect to the first element of a §1983 claim, plaintiff states only that he was deprived of his personal property (dkt. 1 at 3), but does not allege what, if any, constitutional right was violated. See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Neither does plaintiff allege that a deprivation of his personal property violated a federal statute. See Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Violations of state law are not cognizable under §1983, so plaintiff must be specific regarding which of his rights were violated. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). Should plaintiff choose to amend the complaint, he must allege, with specificity, the constitutional or federal right that is implicated by the deprivation of his personal property.

Plaintiff also fails to allege facts showing how the named defendant, M. C. Dust, caused plaintiff's car to be taken. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by

plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976), see Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (A person 'subjects' another to the deprivation of a constitutional right if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made).

Plaintiff alleges that defendant Dust is "the captain, commander and the supervisor" of the responding officer and is "responsible for the defendant's [responding officer] daily activities and conduct". Dkt. 1 at 3. But supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Beyond the description of Dust noted above, he appears no where else in the complaint and no additional facts are alleged showing how Dust personally participated in depriving plaintiff of his property. Accordingly, plaintiff has not stated a cause of action against defendant Dust; but if he chooses to amend, he must plead facts specifically showing how Dust's personal participation resulted in the deprivation claimed.

For the reasons stated above, plaintiff has not stated a claim that is plausible on its face, showing he is entitled to relief from the defendants named. Accordingly, plaintiff will be granted to leave to amend his complaint. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior

pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (dkt. 8) is GRANTED;

2. Plaintiff's complaint (dkt. 2) is DISMISSED without prejudice, and;

3. Plaintiff is granted 28 days from the issuance of this order to amend his complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: November 8, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ckd9
bazley2496.ifp