IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAZLEY,

    Plaintiff,                            No. 2:12-cv-2496 KJM CKD PS

   vs.

M. C. DUST,

    Defendant.                          ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. By order dated November 9, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed his First Amended Complaint ("FAC"). Dkt. 11.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

In his FAC, plaintiff appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. However, plaintiff names only "Doe - Calif. Highway Patrol Officer, Does 1 to 10" as a defendant and the allegations are made against only one officer. Dkt. 11. Plaintiff states that defendant is "being sued as Doe because his True Name and Identity is unknown to Plaintiff at This Time, When the True Name of defendant Doe is Ascertain[ed], Plaintiff [will] seek leave To Amend This Complaint." Id.

Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial screening stage, they cannot be served with process until identified by their real names. See Mosier v. California Dept. of Corrections & , 2012 WL 2577524, at *3 (E.D. Cal. 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. 2010). The burden is on plaintiff to promptly discover the full name of Doe defendant "Calif. Highway Patrol Officer" as the court will not undertake such an investigation. See Robinett, 2010 WL 2867696, at *4. In his amended complaint, plaintiff must include the full name of the "Calif. Highway Patrol Officer" against whom he states a claim.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (dkt. 11) is DISMISSED without prejudice; and,

2. Plaintiff is granted 28 days from the issuance of this order to amend his complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

Dated: December 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ckd9
bazley2496.lta2.wpd