1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL BAZLEY,                              No.  2:12-cv-2496 KJM CKD P

12                 Plaintiff,

13       v.                                       FINDINGS & RECOMMENDATIONS

14   WOODRUFF, et al.,

15                 Defendants.

16

17       Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this action

18   brought pursuant to 42 U.S.C. § 1983.  Before the court for screening is plaintiff's Third

19   Amended Complaint (TAC).[1]  (ECF No. 44.)

20       The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   /////

26

27   [1] Plaintiff originally brought this action against defendant M.C. Dust.  By order dated February
     19, 2014, defendant Dust was dismissed from this action and replaced by defendants Woodruff
28   and Rolin, as reflected in the TAC.  (See ECF No. 47.)

                                                1

1    Plaintiff alleges that CHP officers Woodruff and Rolin violated his federal due process

2    rights by "unlawfully seizing plaintiff's car" and turning it over to plaintiff's estranged wife after

3    plaintiff was arrested in April 2012.  (ECF No. 44 at 2.)  The allegations essentially concern a

4    family dispute over who had a right to possess the car while plaintiff was in jail.  On one side

5    were plaintiff and his adult son, to whom plaintiff entrusted the car in his absence.  On the other

6    side were plaintiff's estranged wife and daughter, who filed a "false stolen auto theft report"

7    claiming the car had been stolen.  (Id.)  Plaintiff alleges that defendants CHP Officers Woodruff

8    and Rolin "unlawfully seized the car and gave it to the culprits" – i.e., plaintiff's wife and

9    daughter – who proceeded to sell it, against plaintiff's wishes.  (Id.)

10    A state's seizure of property does not violate the federal Constitution provided the state

11    has an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533–35 (1984)

12    (holding negligent or intentional deprivation of property does not violate due process if state has

13    meaningful post-deprivation remedy available).  California has such a remedy.  See Barnett v.

14    Centoni, 31 F.3d 813, 817 (9th Cir. 1994) ("California Law provides an adequate post-deprivation

15    remedy for any property deprivations).  See also Cal. Penal Code §§ 1407-1418; Hughes v. Neth,

16    80 Cal. App. 3d 952, 957 (1979) (Cal. Penal Code §§ 1407-1418 "provide that where [seized]

17    property is to be turned over to someone other than the person from whom it was seized, there

18    must be notice and hearing provided to that person").

19    Plaintiff does not allege that he attempted to regain his property through state procedures.

20    Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court

21    on the claim that the state deprived him of property without due process of the law.  See Ford v.

22    Liberman, 2013 WL 3668157, **1-2 (C.D. Cal. July 12, 2013) (plaintiff did not state cognizable

23    § 1983 claim regarding property taken by police where state provided adequate post-deprivation

24    remedy).  The court concludes that plaintiff's claims should be dismissed as frivolous.  See 28

25    U.S.C. § 1915(e)(2).

26    In accordance with the above, IT IS HEREBY RECOMMENDED that:

27    1. The third amended complaint (ECF No. 44) be dismissed; and

28    2. This case closed.

2

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, plaintiff may file written objections

4  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

6  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

7  (9th Cir. 1991).

8  Dated:  March 13, 2014

9  _____
   CAROLYN K. DELANEY
10   UNITED STATES MAGISTRATE JUDGE

11

12

13

14  2 / bazl2496.tac_fr

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3